AMOS W. DOWNING and others

*vs.*

JOSEPH H. DEARBORN and others.

York. Opinion August 6, 1885.

*Sales. Warranty. Caveat emptor.*

A sale of leather by the manufacturer to a manufacturer of shoes for the specific purpose of being manufactured into shoes, carries an implied warranty, that the leather is sound, suited for the purpose for which it was bought.

The doctrine of *caveat emptor* does not apply when the defect is latent.

Such sale by a dealer carries the same warranty when a latent defect is known to and concealed by him. After such sale, when the defect becomes known, the purchaser may elect to sue for breach of warranty or for deceit, or may repudiate the sale and restore the articles purchased and reclaim the price paid.

ON REPORT.

The opinion states the case and material facts as found by the court.

*Moody and Bartlett* and *W. M. Bradley*, for the plaintiffs.

*R. P. Tapley*, for the defendants.

HASKELL, J. Assumpsit upon account annexed for goods sold and delivered. Plea, the general issue. The plaintiffs were manufacturers of various kinds of leather. The defendants were manufacturers of shoes, and had purchased of the plaintiffs leather to be so manufactured for a series of years. A current account had been kept between the parties running from September 15, 1880, to June 22, 1883, prior to the date of plaintiffs' writ in August of that year. It had been customary for the defendants to remit the amount of purchases as they fell due, and to receive credit for the same, and also credit for leather returned at various times, that was not suitable for their use. July 24, 1882, the defendants purchased of the plaintiffs a quantity of kid amounting to two thousand nine hundred twenty-one dollars and fifty-one cents, and subsequently remitted to the plaintiffs the full price thereof and received credit for the same. A part of this kid the defendants manufactured, but when put to the test of actual wear, it proved unsound and rotten, and unsuited for manufacture into shoes; thereupon the defendants returned the balance of the purchase, and demanded credit for the purchase money paid for the kid returned. Whether they are entitled to this credit comes before the court on report. The evidence touching the terms of the July purchase is conflicting, but it does appear, that the defendants believed, that they were purchasing sound leather, suited to manufacture into shoes, and that the plaintiffs well knew the use for which the purchase was made and sold the leather to be applied accordingly.

From the terms of the sale, the law implies a warranty, that the leather sold should be reasonably fit for the purposes for which it was bought. That is, that it should be sound, suited for shoes. *French* v. *Vining*, 102 Mass. 132; *Jones* v. *Just*, L. R. 3 Q. B. 197; *Hight* v. *Bacon*, 126 Mass. 11; *Pease* v. *Sabin*, 38 Vt. 432; *Jones* v. *Bright*, 5 Berg. 533.

If it be said that the doctrine of *caveat emptor* applies inasmuch as the defendants inspected the leather before purchase,

and have not shown that the plaintiffs manufactured it, it is sufficient to note, that it was sold for a specific use, and that the defect was latent and known to the plaintiffs and concealed by them from the defendants at the time the sale was made. Silence in such case was fraud.

When the latent defect became known to the defendants, they could elect, whether to retain the goods, and seek their remedy for breach of warranty, or for the deceit, or to repudiate the sale and restore the articles purchased. *Marston* v. *Knight*, 29 Maine, 341. They chose the latter course, and returned so much of the leather as had not been actually manufactured, and demanded credit for the purchase money. No objection is made that the leather was not seasonably returned, nor that all of it was not returned, so that these questions, need not be considered but are waived.

Although the plaintiffs have only sued such items in their account as accrued since the July purchase, yet as that purchase was repudiated in part before this suit was begun, leaving the price of the goods returned in the plaintiffs' hands, the defendants have a right to insist, that the same shall be applied in part payment of their account, and that judgment shall be entered against them for the balance only.

> *Judgment for plaintiffs for $367.04 with*
> *interest from June 2, 1883.*

PETERS, C. J., WALTON, LIBBEY and EMERY, JJ., concurred.

VIRGIN, J, concurred in the result.