His Honor, 'CHARLES P. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
This is a suit to recover money deposited on account of a promise of sale. The plaintiff avers that he agreed *162 ■with the defendants to buy two lots of ground situated in the Audubon Boulevard, for the price of $3,000 and that he paid them $300 on account of the purchase price; that he was tendered an act of sale containing a number of restrictions, obligations, and servitudes, of which he had not been informed at the time of his contract, such as these; the building lines of the lots shall be 40 feet from the front line, no building less than 60 feet front shall be built on said lots, no porch or steps shall extend beyond 12 feet of the building line, no fence shall be built in front more than 18 inches high, nor on the sides more than 6 feet high, nor any outhouse or other building within ten feet from the rear line, nor any residence costing less than $5,000; that he refused to sign the act of sale under these restrictions, and the defendants declined to give him any .other title; and that he is entitled to the return of his deposit.
The defendants filed an exception of no legal right or cause of action, which was overruled.
Then they filed an answer in which they admitted that as agents of Arthur McGuirk, owner, they had sold said two lots to the plaintiff, who well knew .all the restrictions that went with the sale of said lots; they admitted the receipt of the deposit of $300, but averred that of said amount they kept only $100 for themselves as their commission and turned over $200 to Arthur McGuirk, whom they called in warranty.
McGuirk filed an exception .of no right or cause of action which wia.s also overruled. He subsequently filed an answer in which he alleged he had received only $100 from the defendants, and he reconvened claiming $1,200 damages against both the plaintiff and the defendants.
There was judgment in favor of plaintiff for $300 and dismissing defendant’s call in warranty.
*163 The defendants alone have appealed, and no amendment has been asked by appellees.
The plaintiff testified that at the time he agreed to bny the lots none of the restrictions mentioned above were stated to him. His son corroborates him.
I. W. Bert, salesman for the defendants, swears that he informed plaintiff of all the restrictions he complains of. He was in the office of the defendants when the plaintiff called there to protest'against the restrictions inserted in the act of sale to him, but he took no part in the discussion, and left the office before the conversation was completed; the restrictions were not mentioned in the sale agreement signed by plaintiff.
McGuirk testifies that he received only $100 out of the $300; that the defendants retained $100 for themselves, and paid $100 to the Audubon Boulevard Improvement Association.
In case of encumbrances or non-apparent servitudes affecting the property sold it is the duty .of the vendor to disclose them, and not of the purchaser to discover them.
C. C., 3365 (3329).
C. C., Art. 2474 (2449):
“The seller is bound to explain himself clearly respecting the extent of his obligations; ' any obscure or ambiguous clause is construed against him. ’ ’
C. C., 2475 (2450):
“The seller is bound to two principal obligations; that of delivery and that of warranting the thing which he sells.”
C. C., Art. 2476 (2451):
“The warranty respecting the seller has two objects; the first is the buyer’s peaceable possession of *164 the thing sold, and the second is the hidden defects of the thing sold in its redhibitory vices.”
A purchaser is entitled to demand of his vendor a valid title, free from incumbrances or servitudes .of any kind; in default of such a title he has a right to demand the reimbursement of a deposit made by him.
40 A., 571; 47 A., 71.
C. C., 2515 (2491):
“If the inheritance sold be incumbered with non-apparent servitudes, without any declaration having been made thereof, if the servitudes be of such importance that there, is cause to presume that the buyer would not have contracted, if he had been aware of the incumbrance, he may claim the cancelling of the contract, should he not prefer to have an indemnification. ’ ’
1 A., 407.
The burden of proof was upon defendants to show that they had informed the plaintiff of the restrictions under which the act .of sale would be accomplished. We do not think that they have met' the burden. The plaintiff, is therefore entitled to a cancelling of the sale and to á return of his deposit.
But inasmuch as Arthur McGuirk received from the defendants $100 which were not due to him, he is bound to restore them. C. C., 2301 (2270).
It is, therefore, ordered that the judgment herein in favor of plaintiff and against the defendants be affirmed; that the judgment dismissing the call in warranty .of the defendants against Arthur McGuirk be reversed; and it is now ordered that the defendants, the ' Hopkins-Rhodes Company, composed of Charles W. Hopkins and Joseph Lee Rhodes, do have judgment against Arthur McGuirk *165 for one hundred dollars with five per cent per annum, interest from January 26th, 1914, till paid and all costs of the call in warranty, including the costs of appeal; and in other respects the judgment is affirmed.
Opinion and decree, February 14th, 1916.
Rehearing refused, on both applications, March 13th, 1916.